IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| WENDY JO SPEIDEL, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION |
| ) | |
| v. ) | No. 22-2541-KHV |
| ) | |
| KILOLO KIJAKAZI, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**MEMORANDUM AND ORDER**

Plaintiff appeals the final decision of the Commissioner of Social Security to deny disability and disability insurance benefits under Title II of the Social Security Act ("SSA"), 42 U.S.C. §§ 401–34. For reasons stated below, the Court reverses the decision of the Commissioner and remands for further proceedings.

**Procedural Background**

On March 19, 2021, plaintiff filed her disability and disability insurance applications with the Social Security Administration. Plaintiff's benefit application was denied initially and on reconsideration. She initially alleged a disability onset date of November 19, 2018, but later amended the onset date to July 28, 2020, the day after an administrative law judge ("ALJ") denied her prior claim. On August 31, 2022, a second ALJ concluded that plaintiff was not under a disability as defined in the SSA and that she was not entitled to benefits. See Transcript Of Administrative Record (Doc. #5) filed February 27, 2023 ("Tr.") at 11–19. On October 31, 2022, the Appeals Council denied plaintiff's request for review. Tr. at 1–5. Plaintiff appealed the final decision of the Commissioner to this Court. The decision of the ALJ stands as the final decision of the Commissioner. See 42 U.S.C. § 405(g).

**Factual Background**

The following is a brief summary of the factual record.

Plaintiff is 61 years old. Plaintiff alleges disability because of coronary artery disease, heart muscle disorder, heart failure, congenital cardiomyopathy, mixed hyperlipidemia, sleep apnea and obesity.[1]

From 2007 to 2013, plaintiff worked as a server at a Denny's franchise restaurant. From 2014 to 2017, she worked as a server at a Denny's corporate restaurant. In 2018, she worked as a server and bartender at Grinder's High Noon.

## I. Plaintiff's Testimony

Plaintiff testified that at her server jobs for Denny's, she took orders from customers and entered the orders in a point of sale system, prepared drinks, picked up plates of food from a pass through window, put the plates on a large tray, carried the tray to customer tables, and collected payment from customers. Tr. 65–66; see also Work History Report, Tr. 274–75. Plaintiff testified that at Denny's, she also (1) brought buckets of ice and cases of syrup from the kitchen to refill the service station, (2) brought stacks of plates from the kitchen to restock the salad bar, (3) retrieved dirty dishes from tables, loaded them in a tub weighing up to 30 pounds and walked some 75 to 100 feet to the kitchen, (4) cleaned tables and (5) vacuumed her section at the end of her shift. Tr. 66; see also Work History Report, Tr. 274–75.

## II. Vocational Expert Opinion

The ALJ asked the vocational expert about the work opportunities for a person who can lift or carry 20 pounds occasionally and 10 pounds frequently; who can push and pull the same as

---

[1] Because plaintiff's appeal is limited to the issue whether the ALJ properly classified her past relevant work, the Court does not include a summary of the medical evidence.

she can lift and carry; who can sit, stand or walk six hours in an eight-hour day; who can occasionally use ramps, stairs, ladders, ropes or scaffolds; can balance, stoop, kneel, crouch and crawl on a frequent basis; who cannot work at extreme temperatures or be exposed to inhaled pulmonary irritants such as fumes, odors, dust, gases and poor ventilation; who cannot work at unprotected heights or around moving machinery; and cannot drive motorized equipment or vehicles as a primary job duty. Tr. 77–78. The vocational expert testified that someone with that residual functional capacity and plaintiff's age, education and work experience could return to past work as a waitress or bartender as that work is generally performed in the national economy but not as plaintiff performed in her past jobs. Tr. 78.

### III. ALJ Findings

The ALJ denied benefits at step four because he concluded that plaintiff was capable of performing her past relevant work. In his order of August 31, 2022, the ALJ made the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2023.
>
> 2. The claimant has not engaged in substantial gainful activity since July 28, 2020, the day after the prior decision.
>
> 3. The claimant has the following severe impairments: cardiomyopathy, ischemic heart disease, heart valve disorder, chronic heart failure, sleep-related breathing disorder, spine disorder, hypertension and obesity.
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.
>
> 5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work, as defined in 20 CFR 404.1567(b). Specifically, she can lift or carry 20 pounds occasionally and 10 pounds frequently. She can stand and/or walk for 6 hours in an 8-hour workday. She can sit for 6 hours in an 8-hour workday. She can push or pull in the limits for lifting and carrying. She can occasionally use ramps, stairs, ladders, ropes and

scaffolds. She can frequently balance, stoop, kneel, crouch and crawl. She should avoid concentrated exposure to temperature extremes, and inhaled pulmonary irritants, such as fumes, odors, dust, gases and poor ventilation. She should not work around hazards, such as unprotected heights or around dangerous machinery. She should not drive motorized equipment or vehicles as a primary job duty.

6. The claimant is capable of performing past relevant work as a Waitress and Bartender. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity

7. The claimant has not been under a disability, as defined in the Social Security Act, from July 28, 2020, through the date of this decision.

Tr. at 14–18 (citations omitted).

## Standard Of Review

The Court must determine whether the Commissioner's decision is free from legal error and supported by substantial evidence. Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (quoting Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007)). It requires "more than a scintilla, but less than a preponderance." Id. (quoting Lax, 489 F.3d at 1084). Evidence is not substantial if it is "overwhelmed by other evidence in the record or constitutes mere conclusion." Grogan v. Barnhart, 399 F.3d 1257, 1261-62 (10th Cir. 2005). To determine if the decision is supported by substantial evidence, the Court will not reweigh the evidence or retry the case, but will examine the record as a whole, including anything that may undercut or detract from the Commissioner's findings. Flaherty v. Astrue, 515 F.3d 1067, 1070 (10th Cir. 2007).

## Analysis

Plaintiff bears the burden of proving disability under the Social Security Act. See Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989). The Social Security Act defines "disability" as the inability to engage in any substantial gainful activity for at least 12 months due to a medically

determinable impairment. See 42 U.S.C. § 423(d)(1)(A). To determine whether a claimant is under a disability, the Commissioner applies a five-step sequential evaluation: (1) whether the claimant is currently working; (2) whether the claimant suffers from a severe impairment or combination of impairments; (3) whether the impairment meets an impairment listed in Appendix 1 of the relevant regulation; (4) whether the impairment prevents the claimant from continuing her past relevant work; and (5) whether the impairment prevents the claimant from doing any kind of work. See 20 C.F.R. §§ 404.1520, 416.920. If a claimant satisfies steps one, two and three, she will automatically be found disabled; if a claimant satisfies steps one and two, but not three, she must satisfy step four. If step four is satisfied, the burden shifts to the Commissioner to establish that the claimant is capable of performing work in the national economy. See Williams v. Bowen, 844 F.2d 748, 751 (10th Cir. 1988).

Here, the ALJ denied benefits at step four because he concluded that plaintiff is capable of performing her past relevant work as a waitress and bartender "as generally performed in the national economy." Tr. 18; see also Tr. 78 (VE testified that plaintiff could return to her past work as generally performed but not as she previously performed the jobs). Plaintiff argues that because her past jobs as a waitress and a bartender were "composite jobs," the ALJ could not reject her claim based on her ability to perform the jobs as generally performed in the national economy. Plaintiff's Brief In Support Of Appealing The Denial Of Her Disability Claim (Doc. #10) filed March 29, 2023 at 3. The Commissioner argues that the ALJ reasonably found that only plaintiff's past relevant work as a bartender was a "composite job" and that substantial evidence supports the ALJ's finding that plaintiff was able to perform her past relevant work as a waitress as it is performed in the national economy. Brief Of The Commissioner (Doc. #18) filed June 29, 2023 at 5–6.

At step four, the agency will generally deny benefits if the claimant retains the residual functional capacity to perform either (1) the actual functional demands and job duties of a particular past relevant job; or (2) the functional demands and job duties of the occupation as generally required by employers throughout the national economy. Titles II & XVI: Past Relevant Work-The Particular Job Or The Occupation As Generally Performed, SSR 82-61, 1982 WL 31387, at *2 (S.S.A. 1982). This general rule does not apply if a claimant's past relevant work includes a composite job, i.e. a job that has "significant elements of two or more occupations and as such, ha[s] no counterpart" in the Dictionary of Occupational Titles ("DOT"). Past Relevant Work (PRW) As The Claimant Performed It, SSA Program Operations Manual System, DI 25005.020, available at https://secure.ssa.gov/apps10/poms.nsf/lnx/0425005020 (last visited July 19, 2023).[2] Because a composite job does not have a DOT counterpart, a claimant is capable of working a composite job only if "she can perform all parts of the job" as she previously performed it. Id. In other words, at step four, the ALJ cannot reject a claim because the claimant is capable of performing a composite job "as generally performed in the national economy." Id.

As noted above, the ALJ denied benefits at step four, finding that plaintiff is capable of performing her past relevant work as a waitress and bartender "as generally performed in the national economy." Tr. 18. The Commissioner does not dispute that plaintiff's prior work as a bartender was actually a composite job of bartender/waitress and that the ALJ could not rely on plaintiff's ability to perform that job to support his step four finding that she was not disabled. See Brief Of The Commissioner (Doc. #18) at 5 ("while the ALJ may have erred at step four by finding

---

[2] The Program Operations Manual System sets forth SSA's policy guidelines to be used in processing claims. Ramey v. Reinertson, 268 F.3d 955, 964 (10th Cir. 2001). The Court defers to the manual's provisions unless they are arbitrary, capricious or contrary to law. Id. at 964 n.2.

that Plaintiff could return to the composite job [of bartender/waitress] as it was generally performed, such error is ultimately harmless, since the ALJ could permissible find—as he did—that Plaintiff's RFC did not preclude work as a waitress—a non-composite job—as that work is generally performed."). The Court therefore can affirm the agency's denial of benefits only if substantial evidence supports the ALJ's implicit conclusion that plaintiff's past relevant work as a waitress was not a "composite job."

At the hearing before the ALJ, plaintiff provided the only testimony about her duties in her prior server jobs at Denny's. See Titles II And XVI: A Disability Claimant's Capacity To Do Past Relevant Work, In General, SSR 82–62, 1982 WL 31386, at *3 (S.S.A. 1982) (claimant is primary source for vocational documentation and her statements about "past work are generally sufficient for determining the skill level, exertional demands, and non-exertional demands of such work"). Plaintiff testified that at Denny's, she took orders from customers and entered the orders in a point of sale system, prepared drinks, picked up plates of food from a pass through window, put the plates on a large tray, carried the tray to customer tables and collected payment from customers. Tr. 65–66. The parties agree that the ALJ and VE properly found that these duties fall within the DOT's classification for the job of waitress.[3]

---

[3] The VE and the Commissioner in her brief refer to DOT 311.477-039 as the description for a waitress, but no such numbered classification exists in the DOT. Brief Of The Commissioner (Doc. #18) at 4. The ALJ and plaintiff in her brief refer to DOT 311.477-038, but that describes a waitress at a "take out counter of [a] restaurant." See Waiter/Waitress, Take Out, DOT 311.477-038 ("Serves customers at take out counter of restaurant or lunchroom: Writes items ordered on order tickets, totals orders, passes orders to cook, and gives ticket stubs to customers to identify filled orders. Wraps menu items, such as sandwiches, hot entrees, and desserts. Fills containers with requested beverages, such as coffee, tea, or carbonated drink. Receives payment for orders and makes change. May prepare fountain drinks, such as sodas and milkshakes. May record orders and compute bill simultaneously, using cash register.").

The precise DOT category and description of a waitress is not material to the Court's disposition of this appeal. Even so, based on plaintiff's testimony, her job at Denny's is more

(continued . . .)

Plaintiff argues that she had additional duties which fall within the DOT's classification for the job of dining room attendant. Plaintiff testified that at Denny's, she (1) brought buckets of ice and cases of syrup from the kitchen to refill the service station, (2) brought stacks of plates from the kitchen to restock the salad bar, (3) retrieved dirty dishes from tables, loaded them in a bus tub weighing up to 30 pounds and walked some 75 to 100 feet to the kitchen, (4) cleaned tables and (5) vacuumed her section at the end of her shift. Tr. 66. The VE did not address whether plaintiff's additional duties were sufficient to classify her prior work as a composite job of waitress/dining room attendant.[4] Likewise, the ALJ did not develop the record to determine whether plaintiff's additional duties of a "dining room attendant" were part of her main duties as a "waitress" or the frequency that she performed various duties. See SSA Program Operations Manual System DI 25005.020(B) ("The claimant's [past relevant work] may be a composite job if it takes multiple DOT occupations to locate the *main duties* of the [past relevant work] described by the claimant.") (emphasis added). In the written decision, the ALJ simply accepted the VE's conclusion that plaintiff's past work at Denny's was as a waitress and did not address whether she

---

[3](. . . continued) appropriately classified as a waitress at a dining establishment where food service is informal. See Waiter/Waitress, Informal, DOT 311.477-030 ("Serves food to patrons at counters and tables of coffeeshops, lunchrooms, and other dining establishments where food service is informal: Presents menu, answers questions, and makes suggestions regarding food and service. Writes order on check or memorizes it. Relays order to kitchen and serves courses from kitchen and service bars. Observes guests to respond to additional requests and to determine when meal has been completed. Totals bill and accepts payment or refers patron to [cashier]. May ladle soup, toss salads, portion pies and desserts, brew coffee, and perform other services as determined by establishment's size and practices. May clear and reset counters or tables at conclusion of each course . . . .").

[4]   See DOT 311.677-018, Dining Room Attendant ("Performs any combination of following duties to facilitate food service: Carries dirty dishes from dining room to kitchen. Wipes table tops . . . . Replenishes supply of . . . dishes in dining room. . . . Serves ice water and butter to patrons. . . . Makes coffee and fills fruit juice dispensers. May sweep and mop floors.").

in fact had a composite job of waitress/dining room attendant. Absent a factual record on how often plaintiff performed her various duties at Denny's, the ALJ could not reasonably conclude whether her prior work was a composite job. The Court therefore reverses the Commissioner's denial of benefits and remands for further proceedings. See Cheryl A. v. Comm'r of Soc. Sec., No. 20-CV-01649, 2022 WL 1665159, at *4 (W.D.N.Y. May 25, 2022) (remand necessary because ALJ and VE did not address plaintiff's testimony, which suggested possibility that past work was composite job that combined duties of informal waitress and dining room attendant); see also Delgado v. Berryhill, No. 3:17-CV-54 (JCH), 2018 WL 1316198, at *18–19 (D. Conn. Mar. 14, 2018) (remand necessary because ALJ and VE did not consider whether past relevant work was composite job or elicit testimony about frequency and duration of various duties claimant performed, how central each duty was to job, or nature of various duties).

**IT IS THEREFORE ORDERED** that pursuant to the fourth sentence of 42 U.S.C. § 405(g), the Judgment of the Commissioner is **REVERSED and REMANDED for further proceedings consistent with this memorandum and order**.

Dated this 21st day of July, 2023 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge